WILLET *vs.* TESSIER.

APPEAL FROM THE COURT OF THE THIRD DISTRICT, FOR THE PARISH OF EAST BATON ROUGE, THE JUDGE THEREOF PRESIDING.

A minor, not emancipated, is not bound by mercantile contracts; nor by an engagement to enter into partnership to carry on mercantile business.

Minors, not emancipated, are incapable, even with the authorization of their tutors, to make valid contracts in relation to business or mercantile transactions.

No consent of the father or tutor of a minor can remove the disabilities of minority. If it could, it would amount to a verbal emancipation, which is forbidden by law.

The plaintiff alleges, that he entered into a contract or agreement with the defendant, to carry on mercantile or commission business in New-Orleans, and made preparations by renting a house, advertising, printing cards, &c., to embark in the business in pursuance of said agreement, when the defendant withdrew from it without any just cause. He alleges that the defendant is liable for said expenses and for damages, according to an account annexed.

The defendant pleaded minority, and set up other matters in defence.

The plea of minority was clearly supported by the evidence, and the defendant had judgment, from which the plaintiff appealed.

*Elam,* for the plaintiff.

*Brunot,* contra.

*Morphy, J.,* delivered the opinion of the court.

Plaintiff states that defendant entered into a contract with him to carry on general commission business in the city of New-Orleans, as commercial partners, under the style of Willet & Tessier ; that in furtherance of this object, expenses were incurred for the printing of circulars, cards, and other advertisements, purchase of furniture, store rent, &c. That

without any just reason or cause, defendant withdrew from his engagements to the petitioner, and refuses to pay any of the said expenses, or the damages sustained by him in consequence of defendant's illegal and unjustifiable conduct. A plea of infancy was set up in defence. The judge below being satisfied of its correctness, gave judgment in favor of defendant. The plaintiff appealed.

The evidence shows, conclusively, that defendant was a minor at the time he made this agreement with plaintiff, and is yet under age. No proof of this minor's emancipation is to be found in the record. It is clear, that under the provisions of our law, minors not emancipated are not bound by mercantile contracts ; and, therefore, cannot engage in any partnership to carry on mercantile business. See *Louisiana Code, article,* 379, 1775, 1778, 1867, 2222. But the plaintiff's counsel contends, that our laws in certain cases authorize minors to make contracts with the intervention of their tutors or curators ; and that the defendant's father knew of this partnership, and approved of it, if he did not authorize it. The cases alluded to are to be found in article 1778 of the Code, which applies only to emancipated minors. No consent, approbation, or even express authorization of defendant's father, could remove the disabilities under which defendant labored. If it could, it would amount to, and operate as a verbal emancipation, when our law requires such an important act to be made before a notary public, in presence of two witnesses ; or rather, it would supercede and do away, entirely, with the necessity of any emancipation at all.

It is, therefore, ordered, that the judgment of the District Court be affirmed, with costs.

A minor, not emancipated, is not bound by mercantile contracts, nor by an engagement to enter into partnership to carry on mercantile business.

Minors not emancipated are incapable, even with the authorization of their tutors, to make valid contracts in relation to business or mercantile transactions.

No consent of the father or tutor of a minor can remove the disabilities of minority ; if it could, it would amount to a verbal emancipation, which is forbidden by law.