12  674
48 1211

W. & D. Urquhart v. E. B Scott, Tutor—Beauchamp, Intervenor.

In an action against a Tutor for advances, supplies, &c., furnished to the estate of his wards, the under-tutor, who alleges that the advances &c., &c., went to the benefit of the tutor, personally, and not to the wards, shows sufficient grounds to justify an intervention

Where the Tutor has created an indebtedness without authority of law, the burthen of proof is thrown upon the creditor, to show that the indebtedness thus created, was absolutely necessary either for the support of the minors, or for the preservation of their property; and that the supplies thus furnished, actually enured to the benefit of the minors.

APPEAL from the District Court of St. Landry, *Dupré*, J.. *Duncan & Overton*, for plaintiff.  *Swayze & Moore* and *King*, for the under-tutor.

Lea, J.  The plaintiffs have sued the defendant in his capacity of tutor to his minor children, for the sum of $6,156 60, being for a balance of account due to the plaintiffs for alleged advances made, and supplies furnished to said *Scott* in his capacity aforesaid, for the use and benefit of a plantation belonging to said minors; alleging that said advances and supplies were absolutely necessary for the proper administration of the property, and the maintenance and education of said minors.

In this suit the under-tutor of the minors has intervened, alleging that there exists a conflict between the interests of the minors and that of their tutor, who is responsible, personally, for the payment of the plaintiff's demand against the minors. He denies the indebtedness of the minors as alleged; denies that the alleged advances and supplies ever enured to the advantage of the minors; denies the right of the tutor to incur obligations on behalf of his wards without the advice of a family meeting, duly homologated. The intervenor moreover avers, that if any supplies or advances have been made accruing to the benefit of said minors, that they have been more than repaid by the proceeds arising from the crops of the plantation.

The plaintiffs have excepted to the right of the under-tutor to intervene, on the ground that the petition sets forth no legal ground of intervention, and that there exists no opposition of interests between the tutor and the minors. We think the petition of intervention sets forth a sufficient ground of intervention, and that there does exist such an opposition of interests between the tutor and his wards, as justifies the proceedings of the under-tutor.

It is shown that in October, 1850, the defendant was qualified as tutor of his minor children. That they inherited a plantation and slaves from their mother.

It is not shown that the estate was embarassed with debts at the commencement of the tutor's administration, nor does it appear that the revenues of the minors were inadequate to their support. The tutor is prohibited, under the stringent, but wise provisions of our law, from borrowing money on behalf of the minors. If their support, or the preservation of their property require an expenditure beyond their revenues, it is the duty of the tutor to cause to be convened, a meeting of the family or friends of the minors, to deliberate upon the propriety of making a loan. In the absence of such authority, the tutor can make no contract, binding as such, which creates an indebtedness on the part of his wards.

Those who deal with tutors, acting on behalf of minors, must do so at their peril.

Where the tutor has created an indebtedness without authority of law, the burthen of proof is thrown upon the creditor to show that the indebtedness thus created, was *absolutely necessary*, either to the support of the minors, or to the preservation of their property, and that the supplies thus furnished, actually enured to the benefit of the minors. The creditor's claim in such case would not rest upon any contract, but would be based upon the broad principle of equity, that no one has a right to be enriched at anothers' expense. Tested by this rule, the question to be determined in the case before us, is: To what extent over and above the proceeds of the crops received by the plaintiff, have the minors been actually benefited by the alleged supplies and advances made on their behalf? It appears to be conceded, that supplies to the amount of $1,312, were actually furnished and used for the benefit of the minors, (a liberal concession when the evidence is considered.) On the other hand, the account is credited with the nett proceeds of sales of sugar and molasses amounting to $2,579 70, from which should be deducted the proceeds of 25 hogsheads of sugar *bought* by the tutor and shipped to plaintiff, say $589 21, leaving $1,990 50, applicable to the payment of any claims legally binding upon the heirs.

The items of the account (with the exception of those for supplies furnished, and money actually advanced to the tutor) consist of the payments of certain drafts drawn by the tutor and paid by the plaintiffs.

The only items which are supported, even in part, by the evidence, are those for the payment of accounts alleged to have been owing to *T. C. Anderson*, *J. M. Johnson* and *Burbridge & Adams*.

As respects *Anderson's* account, the evidence wholly fails to establish an indebtedness exceeding the credit to which the minors are entitled, viz: $2,281 05. A large portion of the account consists in drafts paid by *Anderson*, the consideration of which, with one or two exceptions, is not shown, and in loans of money to *Scott*. The supplies, except such as were absolutely necessary for the management of the plantation, are not chargeable to the minors, and those are not shown by the evidence to exceed the credits above referred to.

The same remarks are applicable, in part, to the account of *Burbridge & Adams*. It is not shown that the articles enumerated therein, ever accrued to the benefit of the minors. Even if the court were to give the plaintiff the benefit of a presumption to that effect, so far as respects the materials for the construction of a sugar house, it would not benefit the plaintiffs in their litigation, for allowing a credit for the assumed value of these materials, there would still remain a balance against the plaintiffs upon their account, and the allowance of a credit for the payments made to *Johnson*, would not alter the result.

An objection has been made to our consideration of the correctness of the judgment appealed from, on the ground that *C. H. Beauchamp* has appealed in his own name, and not in his capacity as under-tutor. It was as under-tutor, that *Beauchamp* intervened; it was as intervenor, that he appealed, and he is expressly so designated in the order of the court, and the appeal bond is signed by him as under-tutor.

We think he stands before this court as properly representing the minors.

It is ordered that the judgment appealed from be reversed; that there be judgment in favor of the intervenor and against the plaintiffs; that the plaintiff's claim be rejected, so far as it affects the said minors, *Paunel*, *Henry* and *Fanny Scott*, or their said tutor, in his capacity as such, reserving to said plaintiffs their claim against the said *Edwin B. Scott*, individually. It is further ordered that plaintiffs pay costs in both courts,