No. 3097

Second Circuit

———

SMITH v. HEMPEN

———

(February 9, 1928. Opinion and Decree.)
(March 14, 1928. Rehearing Refused.)

———

*(Syllabus by the Editor)*

1. **Louisiana Digest—Sales—Par. 84, 86; Obligations—Par. 127, 128.**

In an action for restitution of property the party holding the property is not required to restore it until a chattel mortgage paid by him is first refunded. (Civil Code, Article 2229.)

2. **Louisiana Digest—Obligations— Par. 134, 152; Sales—Par. 181; Damages— Par. 77.**

Where damages for loss of use of a car not for illegal conversion are claimed in a suit for restitution, unless plaintiff first tendered to the one in possession of the automobile the money expended by him to pay the chattel mortgage on it, he will not be entitled to damages by reason of his loss of employment.

3. **Louisiana Digest—Minors—Par. 3, 179, 191; Obligations—Par. 129.**

"The mere declaration of majority made by a minor is no obstacle to his restitution," under Civil Code, Article 2224, and, therefore, defendant in a suit for restitution of a Ford automobile must show that the declaration of majority was fraudulently made by the minor with the purpose of getting possession of the Star automobile taken in trade.

4. **Louisiana Digest — Obligations — Par. 133.**

The right to restitution is governed by Civil Code, Art. 2221 et seq., under which losses resulting directly from the invalidity of the contract cannot be considered.

5.  **Louisiana Digest—Minors—Par. 12, 179.**
Where a minor entered into a contract and
afterward sues for restitution of prop-
erty under the contract; the law ap-
plicable is that governing his minor-
ity at the time the contract was made.

6.  **Louisiana Digest—Minors—Par. 4, 179.**
One asking to recoup his losses resulting
from a contract with a minor from the
estate of the minor, must bring the
obligation under one of the designated
exceptions stated under Civil Code, Art.
1785, or show that his losses enured
to the benefit of the minor's estate.
Civil Code, Art. 2229.

Appeal from the Ninth Judicial District
Court of Louisiana, Parish of Rapides.
Hon. R. C. Culpepper, Judge.

Action by A. Leonard Smith against J. H.
Hempen.

There was judgment for plaintiff and
defendant appealed.

Judgment affirmed.

Peterman, Dear & Peterman, of Alexan-
dria, attorneys for plaintiff, appellee.

K. Hundley, of Alexandria, attorney for
defendant, appellant.

WEBB, J.  The plaintiff, A. L. Smith, of
Grant Parish, who was a minor above the
age of eighteen years but representing
himself as a major, entered into a contract
with defendant, J. H. Hempen, of Rapides
parish, under which it was agreed that
plaintiff, who was the owner of a Ford
car on which there was a chattel mort-
gage of one hundred dollars, would de-
liver the Ford car to defendant, who would
assume and pay the chattel mortgage, and
defendant agreed to deliver to plaintiff a
Star car and plaintiff in turn to give one
note for four hundred eighty-eight and
76/100 dollars, payable in twelve monthly
installments of forty and 73/100 dollars,
secured by chattel mortgage on the Star

car, and to give defendant four notes of
twenty-five dollars each, to cover the pay-
ment to be made on the chattel mortgage
on the Ford car.

On April 21, 1926, and in accordance
with the agreement, plaintiff delivered the
Ford car to defendant and gave the note
of four hundred eighty-eight and 76/100
dollars, secured by chattel mortgage on
the Star car, and also the four notes of
twenty-five dollars each to cover the
amount to be paid by defendant on the
chattel mortgage against the Ford car, and
defendant delivered the Star car to the
plaintiff.

Following, on April 26, 1926, defendant
paid the chattel mortgage on the Ford car
and attempted to negotiate the note of
four hundred eighty-eight and 76/100 dol-
lars, and was unable to do so, as the per-
son to whom the note was attempted to
be negotiated ascertained that plaintiff was
a minor, and on or about March 1, 1926,
plaintiff having returned the Star car for
minor adjustments to be made, defendant
took up with him the question of minority,
and failing to obtain the endorsement of
plaintiff's father, defendant would not per-
mit plaintiff to remove the Star car.

Subsequently, on or about the 15th day
of March, 1926, defendant sold the Star
car for five hundred and fifty dollars, and
in May defendant sold the Ford car for
two hundred and forty dollars, and in Octo-
ber, 1926, plaintiff having been emanci-
pated brought the present suit, which the
parties apparently consider to be an action
for restitution and for damages, and on
trial judgment was rendered in favor of
plaintiff in the sum of three hundred and
twenty-five dollars, and ordering defendant
to return the four notes of twenty-five
dollars each, from which judgment defend-
ant appeals.

The amount allowed is conceded to have been based upon the value of the Ford car, as found by the court, and twenty-five dollars damages alleged to have been sustained by reason of the defendant's refusal to return the Ford car to plaintiff, it being alleged he had been unable to continue his work, being without a car to enable him to go to and from the place of employment, and defendant complains of the amount of the award, and the failure of the court to allow him to recover the amount of one hundred dollars paid by him to clear the Ford car of the chattel mortgage, as well as the failure to allow defendant one hundred and twenty-five dollars, damages to the Star car while in plaintiff's possession.

Considering the cause as an action for restitution, we find that the evidence establishes the value of the Ford car to have been three hundred dollars, but we are of the opinion that defendant was not bound to deliver the Ford car to plaintiff until the amount of one hundred dollars, paid by defendant to release the Ford car from the mortgage, was refunded to him, as we find that such amount enured to the benefit of plaintiff (C. C. 2229; Lagay vs. Marston, 32 La. Ann. 170), and as the evidence does not show that such amount was tendered to defendant, and that the damage, if any, resulted from his failure to have the immediate possession of the Ford, rather than from the subsequent conversion, we do not think plaintiff is entitled to any damages by reason of his alleged loss of employment.

Relative to the claim for damages to the Star car while in the possession of plaintiff, the evidence does not show that it was damaged, and the claim appears to be based solely on the circumstance that the market price of an automobile is materially affected where it is repossessed by the seller, without regard to whether it has materially deteriorated in value, and the legal basis of the claim is that plaintiff had fraudulently represented that he was of majority, and that he could not claim restitution against obligations resulting from an offense or quasi offense (C. C. 1785; 2226).

"The mere declaration of majority made by a minor is no obstacle to his restitution," (C. C. 2224), and in order for the defendant to hold plaintiff for the damages claimed by reason of the declaration of majority, it was incumbent on him to show that the declaration was fraudulently made with the purpose of getting possession of the Star car.

Strictly speaking, the plaintiff obtained possession of the Star car under the agreement made with defendant, and while the agreement could have been disavowed by plaintiff, the evidence does not indicate that plaintiff had any purpose of obtaining possession of the Star car and then of disavowing the agreement and claiming restitution, and we do not think that the evidence establishes that the plaintiff was guilty of fraud (see Sirey, C. N., Arts. 1307, 1310, 1312; Hucc. vol. 8, No. 208), and the damage claimed resulting from the contract, rather than from any actual damage to the property while in the possession of plaintiff, we do not think defendant can recover for such damage.

While it may be inferred from defendant's agreement that the right to claim for such damages is somewhat based upon the fact that the action for restitution was instituted by him after he became of majority or was emancipated, and that his rights should be governed by equitable principles, as would be the case with any other person of majority, and that he should not be permitted to recover with-

out accounting for the injury sustained by plaintiff by reason of the contract; however, the right to restitution is governed by the Civil Code, Arts. 2221, et seq., under which losses resulting directly from the invalidity of the contract cannot be considered (Willet vs. Tessier, 15 La. 13), and considering the action as one of restitution, from which point of view, as stated, the cause was decided, and is apparently presented here, the fact of the action having been brought by the plaintiff after his majority does not affect the situation, as the rights sought to be exercised accrued during minority and should be governed by the law applicable at that time.

While the Civil Code holds the parents to rather a strict accountability for the actions of their minor children, it also provides for the protection of the minor's estate against obligations flowing or resulting from their actions, except in designated instances, where his necessities require him to act, or where he is guilty of an offense or quasi offense (C. C. 1785), and one asking to recoup his losses resulting from a contract with a minor, from the estate of the minor, must bring the obligation under one of the designated exceptions, or, as previously stated, show that his losses or funds or property received by the minor had enured to the benefit of his estate (C. C. 2229), and as the evidence does not place the obligation under one of the designated exceptions but shows that the loss claimed to have been sustained by defendant (depreciation in the market price of the Star car) resulted directly from the contract, to allow defendant to recoup such loss from the plaintiff's estate would be to give effect to the contract.

The judgment appealed from failing to allow defendant to offset the amount of one hundred dollars paid by him to clear the Ford car of the chattel mortgage for that amount, and having allowed twenty-five dollars for damages, we find that it should be amended so as to allow a credit for the amount paid by defendant, and rejecting the demand for damages, thus reducing the amount of the judgment in favor of the plaintiff to two hundred dollars; and it is therefore ordered, adjudged and decreed that the judgment appealed from be amended as above, and as amended affirmed, plaintiff to pay cost of appeal.