No. 3242

**Second Circuit**

———

**BROOKFIELD v. NEELY**

———

(April 9, 1931. Opinion and Decree.)

———

C. B. Prothro, of Shreveport, attorney for plaintiff, appellee.

Lyons & Prentiss, of Shreveport, attorneys for defendant, appellant.

WEBB, J. Defendant, E. F. Neely, a judgment creditor of Joshua S. Brookfield, issued execution on his judgment under which the sheriff seized two mules. Pending the sale of the property seized, James S. Brookfield, son of Joshua S. Brookfield, made an affidavit of ownership which was filed with the sheriff who required Neely to give him an indemnity bond which was transferred by the sheriff to James S. Brookfield (see sections 3579, 3580, Rev. St.).

In the present action plaintiff sues defendant on the bond to recover the value of the mules, which is alleged to have been $225, and for damages resulting from the loss of the use of the mules, alleged to have been $225, with legal interest on the amounts claimed from judicial demand;

and defendant appeals from a judgment rendered against him in favor of plaintiff in the sum of $242.50, with interest as prayed for.

There was not any allegation in plaintiff's petition of the source of his title, but evidence was introduced showing that the mules and a set of harness were purchased from the Cudahy Packing Company, at the price of $225; that Joshua S. Brookfield conducted the negotiations, paying $100 cash and giving two notes for $60 and $65 respectively, and that he signed the notes and the bill of sale, "James S. Brookfield"; and the latter claims that Joshua S. Brookfield was acting as his agent and that the title or ownership of the mules vested in him as the undisclosed principal. In support of the position plaintiff contends that, where one purchases movable property it may be shown that the purchase was made as the agent of another, and that as between such persons, the ownership or title to the property vested in the undisclosed principal; but, conceding the principle asserted, we do not think it is applicable in the present case.

The evidence conclusively shows that the seller did not know James S. Brookfield in the transaction, and that the seller thought that Joshua S. Brookfield, in signing the bill of sale and notes "James S. Brookfield," was signing his own name. Whatever may have been the idea of Joshua S. Brookfield, or the understanding between him and his son, who is conceded to have been a minor at the time of the sale, it is certain that Joshua S. Brookfield was alone obligated for the price of the property and that James S. Brookfield was not bound. Willet v. Tessier, 15 La.

13; article 350 Civil Code; Urquhart v. Scott, 12 La. Ann. 674; Payne v. Scott, 14 La. Ann. 760.

We are of the opinion therefore that the title or ownership of the property vested in Joshua S. Brookfield and that the evidence showing that James S. Brookfield furnished his father with $75, which was used by the latter in making the cash payment, and that James S. Brookfield paid one of the notes, while supporting the contention that Joshua S. Brookfield was attempting to act as the agent of James S. Brookfield and to have the title to the property vested in James S. Brookfield, the evidence does not even tend to show that the son was vested with the legal right to proceed against his father for an accounting, much less to show that the title to the property purchased vested in James S. Brookfield.

The title to the property having vested in Joshua S. Brookfield, and there being no evidence showing that he had transferred the property to his son, after the latter became of age, the property seized belonged to Joshua S. Brookfield and James S. Brookfield could not recover of defendant the value of the property seized and sold, or for the loss of the use of the property.

The judgment appealed from is therefore avoided and reversed, and it is now ordered that plaintiff's demands be rejected at his cost.