Joycelynn Genevese **BODDEN** and Dale Lamar Bodden, Plaintiffs–Appellants,

v.

Sandy **OSGOOD,** et al., Defendants–Appellees.

No. 89–3049
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 9, 1989.

Samuel Richard Exnicios, Liska, Exnicios & Nungesser, New Orleans, La., for plaintiffs-appellants.

Vance E. Ellefson, C. Theodore Alpaugh, III, Larzelere, Ellefson & Pulver, Metairie, La., for defendants-appellees.

Before GEE, WILLIAMS, and HIGGINBOTHAM, Circuit Judges.

GEE, Circuit Judge:

*Facts*

In 1984, plaintiff-appellant Samuel Bodden filed suit against fellow employee Sandy Osgood and his employer, defendant-appellant McDermott, after Bodden allegedly suffered injuries aboard vessels owned by McDermott. Osgood was subsequently dismissed from the action. Bodden filed his original complaint in state court. The complaint alleged claims "pursuant to Admiralty and General Maritime Laws of the United States ...," the Jones Act, 46 U.S. C. App. Section 688, and "all other applicable State and Federal Statutes." The complaint alleged that while acting within the course and scope of his seaman's employment with McDermott he suffered two separate injuries, one in December 1983, and another in June 1984. Bodden claimed McDermott's vessels were unseaworthy, that defendants were negligent, and that plaintiff was entitled to appropriate damages including maintenance and cure.

McDermott removed the case to the federal district court based on diversity of citizenship. Joycelynn Bodden was subsequently joined as a party plaintiff to recover damages for her alleged loss of consortium resulting from her husband's injuries. In 1987, Bodden died of a heart attack. The district court allowed Bodden's co-administrators to amend their complaint to add claims for wrongful death "under General Maritime Law, the Jones Act ... and Louisiana Death and Survival Laws."

After further discovery, McDermott filed a summary judgment motion which the district judge partially granted. The district

judge determined that Bodden's state law claims were pre-empted by the Employee Retirement Income Security Act of 1974 (ERISA). The judge further found that Bodden's co-administrators had no death claims under either the Jones Act or General Maritime Law and that Panamanian law governed any personal injury claims. The district judge's opinion did not resolve whether McDermott was liable for injuries Bodden allegedly suffered in December 1983.

Bodden then filed a request for the district court to certify the appeal under § 1292(b). The district court denied the request. Bodden subsequently filed a notice of appeal to contest the judge's partial grant of summary judgment in favor of McDermott.

Bodden asserts appellate jurisdiction under 28 U.S.C. § 1292(a)(3). That statute allows appeals from interlocutory orders in admiralty actions. Thus, we must determine whether Bodden has properly invoked the admiralty jurisdiction of the federal court. *See Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir.1987) (Court must sua sponte examine the basis of its jurisdiction).

■ A plaintiff with a claim cognizable in the district court's admiralty/maritime jurisdiction and also cognizable in another basis of jurisdiction may invoke whichever jurisdiction he desires. Fed.R. Civ.P. 9(h). To invoke the admiralty jurisdiction, a plaintiff must insert a statement in his pleading identifying the claim "as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), 82 and the Supplemental Rules for Certain Admiralty and Maritime Claims." Rule 9(h). Otherwise, unless the claim is cognizable only in admiralty, the special practice features for admiralty claims are not applicable. 2A Moore's Federal Practice 9.09 (2d ed.1987). A plaintiff may, however, amend his complaint to invoke the court's admiralty jurisdiction. *See* Rule 9(h); *see, also, Moser v. Texas Trailer Corp.*, 623 F.2d 1006, 1010 (5th Cir.1980).

■ Bodden's original complaint alleged that his suit was brought "pursuant to Admiralty and General Maritime laws of

the United States "as well as the Jones Act and applicable state and federal statutes. The complaint did not specifically allege that the claim was an admiralty or maritime claim" for purposes of Rules 14(c), 38(e), 82 and the Supplemental Rules for Certain Admiralty and Maritime Claims." We have held, however, that such language, while preferable, is unnecessary if the complaint contains "a simple statement asserting admiralty or maritime claims under the first sentence of Rule 9(h)." *T.N.T. Marine Services v. Weaver Shipyards*, 702 F.2d 585, 588 (5th Cir.1983). Nonetheless, the totality of the circumstances in this case leads us to conclude that Bodden's complaint did not properly invoke the district court's admiralty jurisdiction.

■ In reaching this conclusion we first note that admiralty actions are within the exclusive jurisdiction of the federal courts. 28 U.S.C. § 1333. Bodden, however, filed his complaint in state court. Further, at the time McDermott removed the case to federal court, asserting diversity jurisdiction, Bodden failed to object to the basis for the jurisdiction or assert the existence of alternative jurisdiction based on his admiralty claim. Finally, despite the fact that a plaintiff in an admiralty action is not entitled to a jury trial, Bodden demanded a jury trial on his claims. Generally, merely requesting a jury trial does not change an admiralty claim, identified as such, to a non-admiralty claim. In such cases the district court should simply deny the request. *See T.N.T. Marine Services*, 702 F.2d at 585. Where, as here, however, that request is coupled with an "admiralty" claim filed in a state court which has no admiralty jurisdiction and a plaintiff's failure to object to removal based solely on diversity jurisdiction, we conclude that the plaintiff has not invoked the district court's admiralty jurisdiction under Rule 9(h).

■ Since Bodden's action does not come within the district court's admiralty jurisdiction and because the order from which appeal is taken does not dispose of all claims and parties, Fed.R.Civ.P. 54(b) governs any appeal of the district court's deci-

sions. Rule 54(b) states that "when more than one claim for relief is presented in an action ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims ..." Fed.R. Civ.P. 54(b). The court may, however, enter this type of judgment only "upon an express determination that there is no reason for delay and upon an express direction for entry of judgment." "In the absence of a certification by the district court that meets these two requirements, a partial disposition of a multi-claim or multi-party action ... is ... an unappealable interlocutory order." *Huckeby v. Frozen Food Express*, 555 F.2d 542, 545–46 (5th Cir.1977).

In this case the district court has not yet resolved whether McDermott is liable for injuries allegedly suffered by Bodden in 1983. Further, the district judge did not enter a certificate pursuant to Rule 54(b). Thus we lack jurisdiction to hear this appeal. Accordingly, this appeal is

DISMISSED.