**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 99-30031

SALLY REINGOLD, as Executrix for the Estate of Irving Reingold,

Plaintiff - Appellant,

VERSUS

SWIFTSHIPS INCORPORATED,

Defendant - Appellee.

Appeal from the United States District Court
for the Western District of Louisiana

April 14, 2000

Before JONES, BARKSDALE and DENNIS, Circuit Judges.

DENNIS, Circuit Judge:

This is an interlocutory appeal under 28 U.S.C. § 1292(b) by Reingold from the district court's in limine order excluding Reingold's evidence of profits that Swiftships allegedly derived from the alleged misappropriation of a Reingold trade secret. *See Reingold v. Swiftships, Inc.*, 126 F.3d 645 (5th Cir. 1997) for more of the gist of this case.

## I. STANDARD OF REVIEW

This court reviews questions of law de novo. *See Hassan v. Lubbock Indep. Sch. Dist.*, 55 F.3d 1075, 1079 (5th Cir. 1995)

1

(citing *Moore v. Eli Lilly & Co.*, 990 F.2d 812, 815 (5th Cir.) (citations omitted), *cert. denied*, 510 U.S. 976 (1993)).

## II.  ANALYSIS

Section 1433 of the Louisiana Uniform Trade Secrets Act ("LUTSA"), Louisiana Revised Statute § 51:1431, et seq. (1981), provides that "a complainant may recover damages for the actual loss caused by [a trade secret] misappropriation [and] also may recover for the unjust enrichment caused by [the] misappropriation that is not taken into account in computing damages for actual loss."  27B LA. REV. STAT. ANN. § 51:1433 (West 1987).  The district court's order excluding evidence of the defendant's profits raises the question of whether LUTSA section 1433 has been modified or displaced by Louisiana Civil Code article 2298, which, in pertinent part, provides that: "A person who has been enriched without cause at the expense of another person is bound to compensate that person....The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule....The amount of compensation due is measured by the extent to which one has been enriched or the other has been impoverished, whichever is less."  8A LA. CIV. CODE ANN. art. 2298 (West 1997).[1]

_____

[1] The specific question that the district court posed is whether "the amount of recovery for unjust enrichment damages under R.S. 51:1433 is measured by the standard for recovery for unjust enrichment damages set forth in Article 2298[.]"  Our appellate jurisdiction under 28 U.S.C. § 1292(b), however, applies to the order certified to us, and is not tied to the particular question formulated by the district court.  *See Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199, 205 (1996) ("The court of appeals may not reach beyond the certified order to address other orders made in

"No" is the answer. The remedy provided by Louisiana Civil Code article 2298 is subsidiary and does not apply if the law provides another remedy or declares a contrary rule. The LUTSA plainly provides another remedy and declares a contrary rule. Consequently, a complainant's remedy under LUTSA is not affected by Louisiana Civil Code article 2298.

Prior to Louisiana's enactment of the LUTSA in 1981, the Louisiana courts, on the basis of articles 21, 1965, and 2301-2314 of the Louisiana Civil Code of 1870, had developed a general action for enrichment without cause, the *actio de in rem verso*, with the guidance of French jurisprudence and doctrine. *See* 8A LA. CIV. CODE, Exposé des Motifs, Title V. Obligations Arising Without Agreement, Chapters 1 and 2 (Articles 2292-2305) at 5 (West 1997) [hereinafter Exposé]; *see generally* ALAIN A. LEVASSEUR, LOUISIANA LAW OF UNJUST ENRICHMENT IN QUASI-CONTRACTS 333-437 (1991) [hereinafter LEVASSEUR]; Albert Tate, Jr., *The Louisiana Action for Unjustified Enrichment*, 50 TUL. L. REV. 883 (1976); Albert Tate, Jr., *The Louisiana Action for Unjustified Enrichment: A Study in Judicial Process,* 51 TUL. L. REV. 446 (1977). The judicial recognition of *de in rem verso* in Louisiana began in *Payne & Harrison v. Scott*, 14 La. Ann. 760 (1859) and *Garland v. Estate of W.S. Scott*, 15 La. Ann. 143 (1860) and fully emerged in *Minyard v. Curtis Products, Inc.*, 205 So.2d 422 (La. 1967). *See* LEVASSEUR at 349; *see also Edmonston v. A-Second*

the case. But the appellate court may address any issue fairly included within the certified order because it is the order that is appealable, and not the controlling question identified by the district court.") (citations, internal quotations, and emphasis omitted).

*Mortgage Co. of Slidell, Inc.*, 289 So.2d 116, 120 (1974). According to the Louisiana jurisprudence, as well as French doctrine and jurisprudence, recovery for "enrichment without cause" is a subsidiary remedy, unavailable if the law provides another remedy or declares a contrary rule, under which recovery is the lesser of two amounts, the enrichment or the impoverishment. *See* Exposé at 5 (citing *Minyard v. Curtis Products, Inc.*, 205 So.2d 422 (La. 1967)); Bruce V. Schewe & Vanessa Richelle, *Ruminations on the Law: 1995-1996 A Symposium: Obligations*, 56 LA. L. REV. 663, 664 (1996); 6 Aubry et Rau, *Droit civil français* 488 (7th ed. Posnard et Noel Dejean de la Batie 1975); Barry Nicholas, *Unjustified Enrichment in the Civil Law and Louisiana Law*, 36 TUL. L. REV. 605, 641 (1962).

Louisiana Civil Code article 2298 (Acts 1995, No. 1041, § 1, eff. Jan 1, 1996) simply codifies the jurisprudential and doctrinal "enrichment without cause" principles. *See* Exposé at 4-6. Explicitly, under article 2298, recovery for "enrichment without cause" is still a subsidiary remedy. *Id.* at 5. Accordingly, nothing in article 2298 modifies or displaces the different rules and remedies provided by LUTSA.

The LUTSA, on the contrary, "displaces conflicting tort, restitutionary, and other laws of this state pertaining to civil liability for misappropriation of a trade secret." 27B LA. REV. STAT. ANN. § 51:1437(A); *see also Sheets v. Yamaha Motors Corp.*, 849 F.2d 179, 184 n.3 (5th Cir. 1988). However, LUTSA does not affect "contractual or other civil liability or relief that is not based

4

upon misappropriation of a trade secret, or criminal liability for misappropriation of a trade secret." 27B LA. REV. STAT. ANN. § 51:1437(B)(1) and (2).

The LUTSA remedy and displacement provisions are corollaries of the common law tradition upon which the Act draws and the general purpose to make trade secrets law uniform among the states. *See* 27B LA. REV. STAT. ANN. §§ 51:1433 and 51:1438. Recognizing the importance of state trade secrets law to interstate business, as well as its uneven and unsatisfactory development, the National Conference of Commissioners on Uniform State Laws approved the Uniform Trade Secrets Act in 1979. *See* 14 UNIFORM LAWS ANNOTATED MASTER EDITION 433-34 (West 1990). The Uniform Act codifies the basic principles of common law trade secret protection, including the results of the better reasoned cases concerning the remedies for trade secret misappropriation. *See id.* at 434-35. "The contribution of the Uniform Act is substitution of unitary definitions of trade secret and trade secret misappropriation, and a single statute of limitations for the various property, quasi-contractual, and violation of fiduciary relationship theories of noncontractual liability utilized at common law." *Id.* at 435. Louisiana, by Act No. 462 of 1981, adopted the Uniform Trade Secrets Act, without any substantive change pertinent to the present case. *See* 27B LA. REV. STAT. ANN. §§ 51:1431-1439. By 1999, 42 states and the District of Columbia had adopted trade secrets laws modeled on and similar to the Uniform Trade Secrets Act. *See* 14 UNIFORM LAWS ANNOTATED MASTER EDITION 157 (West Supp. 1999).

5

The LUTSA damages remedy provision section 1433 is a replica of the original 1979 Uniform Trade Secrets Law § 3, except that Louisiana deleted the second paragraph providing for exemplary damages in cases of willful and malicious misappropriation. Both the Uniform Trade Secrets Act and the LUTSA adopt the principle of cases that allow recovery of both a complainant's actual losses and a misappropriator's unjust benefit resulting from misappropriation. *See* 14 UNIFORM LAWS ANNOTATED MASTER EDITION 456 (citing *Tri-Tron Int'l v. Velto*, 525 F.2d 432 (9th Cir. 1975)); 27B LA. REV. STAT. ANN. § 51:1433 comment (b) (also citing *Tri-Tron Int'l v. Velto*). Likewise, both the Uniform Act and the LUTSA adopt an express prohibition upon the counting of the same item as both a loss to a complainant and an unjust benefit to a misappropriator. *See* 14 UNIFORM LAWS ANNOTATED MASTER EDITION 456; 27B LA. REV. STAT. ANN. § 51:1433; 27B LA. REV. STAT. ANN. § 51:1433 comment (b).

Consequently, the LUTSA section 1433 provision that a trade secrets complainant may "recover damages for the actual loss caused by misappropriation" and, in addition, may "recover for the unjust enrichment caused by misappropriation that is not taken into account in computing damages for actual loss" means what it says. It does not refer to or incorporate the Louisiana or civil law principle of enrichment without cause, codified by Louisiana Civil Code article 2298 as a subsidiary remedy with a "double ceiling" on recovery. *See* LEVASSEUR at 430. Under the common law the principle of unjust enrichment is the basis of restitution claims, whose purpose is "to prevent the defendant's unjust enrichment by

6

recapturing the gains the defendant secured in a transaction." 1 DAN B. DOBBS, LAW OF REMEDIES § 4.1(1), at 552 (2d ed. 1993)(citing RESTATEMENT OF RESTITUTION § 1 (1937)).[2]

Swiftships' motion to certify a question or proposition of state law to the Supreme Court of Louisiana is denied. Adequate Louisiana resources are available to enable us to decide the simple question presented without adding to the state Supreme Court's workload or incurring additional delay and expenditure of judicial resources in the disposition of this federal court case. *See Williamson v. Elf Aquitaine, Inc.*, 138 F.3d 546, 549 (5th Cir. 1998); *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 920 F.2d 259, 262 (5th Cir. 1990).

We set to one side, without deciding, the issue of whether the district court's bifurcation order should be modified or set aside. Although we find some merit in Swiftships' argument that the bifurcation issue may not have been fairly included within the certified order, the prior panel's order granting Reingold's leave to appeal from the interlocutory order also provided that Reingold's motion "to consolidate liability and damages is GRANTED." In the interest of expediting the district court's handling of this case, we allow that order to stand but reserve to the district court the option of reconsidering the bifurcation issue in light of our decision herein.

### III. CONCLUSION

---

[2] *See also* 2 DAN B. DOBBS, LAW OF REMEDIES § 10.5(3), at 686-97 for a discussion of the calculation of the defendant's profits and the plaintiff's damages in trade secrets misappropriation cases.

7

For the reasons assigned, the certified order appealed from is REVERSED and our stay of further proceedings in this case is VACATED.