United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 18, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-31036
Summary Calendar

_____

DANNY RUSSELL, individually and on behalf
of his minor children, Danny Russell, Jr. and
Tavia Danielle Russell,

                                        Plaintiff-Appellant,

versus

JACK JACKSON, INC., ET AL.,

                                        Defendants,

JACK JACKSON, INC.,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court for
the Eastern District of Louisiana
(USDC No. 01-CV-2742)
_____

Before REAVLEY, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion
should not be published and is not precedent except under the limited circumstances

We dismiss this interlocutory appeal for want of jurisdiction.

1.  In order for 28 U.S.C. § 1292(a)(3) to create appellate jurisdiction, the plaintiff must have brought his claim in admiralty.  See id. § 1292(a)(3) ("Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed.").  There are special procedures for invoking the admiralty jurisdiction of a federal district court.  See FED. R. CIV. P. 9(h).  In this case, Russell did not plead the admiralty statute, 28 U.S.C. § 1333, as a jurisdictional ground.  He relied instead on the district court's federal question jurisdiction over Jones Act claims.  See 28 U.S.C. § 1331; 46 U.S.C. § 688 et seq. (Jones Act).  "Emphatically, claims in admiralty, whether designated in rem or in personam, do not fall within this category."  In re Dutile, 935 F.2d 61, 63 (5th Cir. 1991) (citing Romero v. Int'l Terminal Operating Co., 358 U.S. 354, 378 (1959) (finding it "clear that the words of [the 'arising under'] statute do not extend, and could not reasonably be interpreted to extend, to cases of admiralty and maritime jurisdiction")).  Moreover, Russell demanded a jury trial.  Generally, merely

set forth in 5TH CIR. R. 47.5.4.

2

requesting a jury trial does not change an admiralty claim, identified as such, to a non-admiralty claim.  In such cases the district court should simply deny the request.  See Bodden v. Osgood, 879 F.2d 184, 186 (5th Cir. 1989) (citing T.N.T. Marine Servs., Inc. v. Weaver Shipyards & Dry Docks, Inc., 702 F.2d 585 (5th Cir. 1983)).  However, as the complaint contains no statement signaling Russell's intent to bring his claims in admiralty under Federal Rule of Civil Procedure 9(h), his request for a trial by jury suggests that he did not intend to invoke the admiralty jurisdiction of the district court. See Borne v. A & P Boat Rentals No. 4, Inc., 755 F.2d 1131, 1133 (5th Cir. 1985) (dismissing claims under the Jones Act and general maritime law for want of jurisdiction where the seaman's complaint "prayed for trial by jury, [] did not invoke admiralty jurisdiction and made no reference to Fed.R.Civ.P. 9(h)") (citing Moser v. Texas Trailer Corp., 623 F.2d 1006 (5th Cir. 1980)). In fact, the pretrial order setting the initial trial date for the maintenance and cure claim specifically stated the trial was to be "before the District Judge with a jury."  Although the maintenance and cure claim was rescheduled and was eventually heard by the district judge without a jury, the initial pretrial order buttresses our conclusion that Russell did not intend to invoke the admiralty jurisdiction of the district court.

2. Russell's proposed and contested findings of fact and conclusions of law and his trial memorandum asserted jurisdiction pursuant to 28 U.S.C. § 1333. However, he also referenced the court's federal question jurisdiction and he did not state that he intended to proceed in admiralty. This is insufficient to invoke the court's admiralty jurisdiction under Federal Rule of Civil Procedure 9(h). An allegation that a claim is within admiralty and maritime jurisdiction does not automatically make it an admiralty and maritime claim if the claim is also within the jurisdiction of the district court on some other ground. There must be a statement evincing the pleader's intent to proceed in admiralty. See FED. R. CIV. P. 9 Advisory Commitee's Note ("After unification [of suits at law and equity] has abolished the distinction between civil actions and suits in admiralty, the complaint in such an action would be almost completely ambiguous as to the pleader's intentions regarding the procedure invoked. . . . [T]he Advisory Committee concluded the preferable solution is to allow the pleader who now has the power to determine procedural consequences by filing a suit in admiralty to exercise that power under unification . . . by a simple statement in his pleading to the effect that the claim is an admiralty or maritime claim.").

3. A plaintiff need not specifically invoke the admiralty jurisdiction of the

4

district court if the claim is cognizable only in admiralty.  See FED. R. CIV. P. 9(h).  Russell's claim for maintenance and cure is not only cognizable in admiralty, as the district court has pendent jurisdiction under the Jones Act to consider such claims.  See Romero, 358 U.S. at 380-81(holding that the district court had pendent jurisdiction to consider maintenance and cure claims brought "by a complaint at law rather than by a libel in admiralty" because the complaint also alleged a Jones Act violation, which was within the district court's jurisdiction under 28 U.S.C. § 1331).  Thus, we construe Russell's complaint as failing to invoke the admiralty jurisdiction of the district court and therefore precluding review of this appeal pursuant to 28 U.S.C. § 1292(a)(3).

APPEAL DISMISSED.