**IN THE UNITED STATES COURT OF APPEALS**
   **FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 13, 2011

No. 10-30795

Lyle W. Cayce
Clerk

APACHE CORPORATION,

Plaintiff - Appellee

v.

GLOBAL SANTA FE DRILLING COMPANY; GLOBAL SANTA FE
HUNGARY SERVICES, LLC; GLOBAL SANTA FE SOUTH AMERICA,
L.L.C.; GLOBAL SANTA FE CORPORATION

Defendants - Appellants

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:06-CV-1643

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

A mobile offshore drilling unit, owned and operated by
Defendants-Appellants, GlobalSantaFe Corporation, GlobalSantaFe Drilling,
GlobalSantaFe South America, LLC GlobalSantaFe Hungary Services, LLC
(collectively GSF), allided with an offshore oil and gas production platform,
owned in part by Plaintiff-Appellee, Apache Corporation (Apache).  Apache filed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-30795

suit against GSF, invoking both admiralty and federal question jurisdiction and requesting a jury trial. GSF also requested a jury trial. However, GSF later filed a motion to strike all parties' jury demands, arguing that the claims sounded in admiralty jurisdiction. The district court denied the motion. We AFFIRM.

## I.

During Hurricane Rita, an allision[1] occurred on the Outer Continental Shelf off the coast of Louisiana between a mobile offshore drilling unit, ADRIATIC VII, owned by GSF, and the South Marsh Island 128 platform complex, an offshore oil and gas production platform (hereinafter Platform 128), owned in part by Apache. Apache filed suit against GSF, alleging several claims of negligence, to recover the salvage, repair, reconfiguration, and other costs allegedly associated with damage to Platform 128. In its original complaint, Apache asserted jurisdiction under two bases: (1) admiralty, pursuant to 28 U.S.C. § 1333 and the Admiralty Extension Act (AEA), 46 U.S.C. § 30101, and (2) federal question jurisdiction, under the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. §§ 1331–1356a. Apache also requested a jury trial. Initially, GSF requested a jury trial, but later filed a motion to strike all parties' jury demands. In conjunction with the motion to strike, the parties filed a joint-stipulation that "Apache did not make a [Federal Rule of Civil Procedure] 9(h)[2]

---

[1] An allision is "[t]he contact of a vessel with a stationary object such as an anchored vessel or a pier." BLACK'S LAW DICTIONARY 88 (9th ed. 2009). Black's also explains that "'collision' is often used where 'allision' was once the preferred term." *Id.* In other words, in modern practice, courts generally use the term "collision" as opposed to "allision" when describing contact between vessels that gives rise to a suit.

[2] Rule 9(h) explains:

> (1) How Designated. If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for

No. 10-30795

declaration," which allows a party to specifically designate her case as one governed by admiralty jurisdiction. The district court denied GSF's motion. GSF appeals.

## II.

## A.

This is an appeal of the district court's judgment denying GSF's motion to strike its and Apache's jury demands. Whether a party has the right to a jury trial is a pure question of law. *Arnold v. U.S. Dep't of the Interior*, 213 F.3d 193, 195 (5th Cir. 2000). We review questions of law *de novo*. *Reingold v. Swiftships Inc.*, 210 F.3d 320, 321 (5th Cir. 2000).

## B.

We agree with the parties that Apache's claims are governed by both admiralty and federal question jurisdiction, pursuant to OCSLA. Therefore, because Apache asserted multiple bases for jurisdiction, our primary inquiry is whether Apache made a Rule 9(h) declaration, electing to proceed pursuant to admiralty procedure. For the foregoing reasons, we conclude that Apache did not make a Rule 9(h) declaration.

In 1966, the federal rules of civil and admiralty procedure were unified. FED. R. CIV. P. 9 advisory committee's notes 1966 amendment. Rule 9(h) was created so that procedures unique to admiralty would not be abrogated by the

---

purposes of Rules 14(c), 38(e), and 82 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether or not so designated.

(2) Designation for Appeal. A case that includes an admiralty or maritime claim within this subdivision (h) is an admiralty case within 28 U.S.C. § 1292(a)(3).

merger. *Id.* Rule 9(h) allows a party, when applicable, to designate her maritime claims as claims governed by admiralty jurisdiction and, thus, governed by traditional admiralty, and not civil, procedures. One of the consequences of making a Rule 9(h) declaration is that there is no right to a jury trial. *Id.* If a party does not make a Rule 9(h) declaration, there is a right to a jury trial. *Id.*

There are times, however, when a party's claim is governed by multiple bases for jurisdiction and it is not clear whether the party made a Rule 9(h) declaration. In these circumstance, we examine the totality of the circumstances, as demonstrated by the party's pleadings and actions, to determine whether a Rule 9(h) declaration has been made. *See, e.g., Bodden v. Osgood*, 879 F.2d 184, 186 (5th Cir. 1989) ("[T]he totality of the circumstances in this case leads us to conclude that Bodden's complaint did not properly invoke the district court's admiralty jurisdiction."); *see also Wingerter v. Chester Quarry Co.*, 185 F.3d 657, 666 (7th Cir. 1998) (citing *Bodden* and *Foulk v. Donjon Marine Co., Inc.*, 144 F.3d 252, 255 (3d Cir. 1998) and explaining that "[w]hether or not a complaint sufficiently invokes admiralty jurisdiction is evaluated under the totality of the circumstances . . . which includes the 'parties' manifestation of intent' as demonstrated by their pleadings and actions") (internal quotation marks omitted).

Overtime, a few bright-line rules have developed. If a party asserts a claim that is only cognizable "at admiralty," the court will assume that the claim is brought pursuant to admiralty jurisdiction no matter what the party avers in her complaint. *T.N.T.*, 702 F.2d at 588. Also, if a party asserts both admiralty and diversity jurisdiction, the court will treat the claim as though a Rule 9(h) declaration has been made. *Gilmore v. Waterman Steamship Corp.*, 790 F.2d 1244, 1246 (5th Cir. 1986). In *Luera v. M/V Alberta*, 635 F.3d 181 (5th Cir. 2011), we held that this rule also applies in circumstances where a party asserts

admiralty and any other ground for jurisdiction. We explained: "[I]n this circuit a plaintiff who asserts admiralty jurisdiction as a basis for the court's subject matter jurisdiction over a claim has automatically elected under Rule 9(h) to proceed under the admiralty rules, even if she states that her claim is also cognizable under diversity or some other basis of federal subject matter jurisdiction." *Id.* at 189.

As previously noted, Apache's claims are governed by multiple bases for jurisdiction. At first blush, it would seem that the rule articulated in *Luera* governs this case. However, the rule established in *Luera* only applies when it is unclear whether a Rule 9(h) designation was made. Here, the parties filed a joint-stipulation explicitly stating that "Apache did not make a Rule 9(h) declaration." Therefore, GSF's argument that Apache made a Rule 9(h) designation is unavailing.

Specifically, when GSF filed its motion to strike the parties' jury demands, the company asserted that federal question jurisdiction did not govern Apache's claims. Thus, GSF contended that, only admiralty jurisdiction governed Apache's claims; accordingly, Apache was not entitled to a jury trial. In conjunction with the motion to strike, as previously noted, the parties filed a joint stipulation, stating that "Apache did not make a Rule 9(h) declaration." Conversely, on appeal, GSF asserts that both admiralty and federal question jurisdiction govern Apache's claims. GSF effectively contends that, because Apache asserted multiple bases for jurisdiction, Apache made a Rule 9(h) designation pursuant to the *Luera* rule. However, GSF's shift in position regarding jurisdiction does not obviate the fact that the parties stipulated that Apache did not make a Rule 9(h) designation.[3] The Supreme Court recently explained that "factual stipulations are formal concessions that have the effect

---

[3] We note that, but for the joint stipulation entered by the parties herein, *Luera* would dictate a contrary result.

No. 10-30795

of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Christian Legal Soc'y Chapter of the Univ. of Cal. v. Martinez*, 130 S. Ct. 2971, 2983 (2010) (citation and internal quotation marks omitted). Thus, consistent with the parties' stipulation, we conclude that Apache did not make a Rule 9(h) designation.

Accordingly, Apache's case is governed by civil procedure, pursuant to which Apache has the right to a jury trial.

## III.

For the foregoing reasons, we AFFIRM the district court's judgment, denying GSF's motion to strike the parties' jury demands.