**James MILLER, Plaintiff,**

v.

**ST. PAUL FIRE AND MARINE INSURANCE CO., Defendant.**

**No. CIV–79–375–D.**

United States District Court,
W. D. Oklahoma.

May 15, 1979.

Michael K. McLaughlin and Ed L. Moore, Cherokee, Okl., for plaintiff.

William G. Smith and Stephen Peterson, Oklahoma City, Okl., for defendant.

ORDER

DAUGHERTY, District Judge.

This is a removed action originally brought by Plaintiff in the Grant County District Court and later removed to this Court by the Defendant wherein Plaintiff seeks to recover under two fire insurance policies allegedly issued to him by Defendant. It is asserted that the Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332 by reason of diversity of citizenship and amount in controversy.

Pursuant to Rule 12(c), Federal Rules of Civil Procedure, Defendant has filed herein a Motion for Judgment on the Pleadings, which is supported by a Brief. Plaintiff has filed a Brief in opposition to said Motion and Defendant has replied thereto.

In support of its Motion, Defendant contends that Plaintiff's action is barred as it was not commenced within twelve months after the fire giving rise to his claims as required by 36 Okl.Stat.1971 § 4803 and the terms of the two policies in dispute. On the other hand, Plaintiff con-

tends that his action was brought within the five-year limitation period for an action upon a written contract provided by 12 Okl.Stat.1971 § 95 and that the policy provisions limiting the time for bringing suit to twelve months are void under 15 Okl.Stat. § 216.

From the record before the Court, it appears that one of the insurance policies involved herein, Policy No. 135TA1853, insured Plaintiff against the loss by fire of certain tools and equipment. The second policy, Policy No. 335TA2603, insured Plaintiff against the loss by fire of the contents of certain food lockers. Both the tools and equipment and the contents of the food lockers were located at Frozen Food Locker Processing in Nash, Oklahoma, and were destroyed by fire on or about April 20, 1976.[1] Thereafter, Plaintiff commenced this action on March 7, 1979, in the Grant County District Court.

Policy No. 135TA1853 contains the following provision:

"*Suit.* No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss."

Policy No. 335TA2603 contains a similar provision:

"*Suit.* No suit, action or proceeding for the recovery of any claim under this Policy shall be sustainable in any court of law or equity unless the same be commenced within twelve (12) months next after discovery by the Insured of the occurrence which gives rise to the claim, provided however, that if by the laws of the State within which this Policy is issued such limitation is invalid, then any such claims shall be void unless such action, suit or proceeding be commenced within the shortest limit of time permitted by the laws of such State."

36 Okl.Stat.1971 § 4803 sets forth the standard fire insurance policy provisions and the permissible variations therefrom to be used in Oklahoma. One such provision is identical to the provision of Policy No. 135TA1853 quoted above and provides:

"*Suit.* No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss."

The twelve-month limitation provided in the standard fire insurance policy for Oklahoma is a statutory rather than contractual period of limitation. *Insurance Co. of North America v. Board of Education,* 196 F.2d 901 (Tenth Cir. 1952); *Aetna Ins. Co. v. Wewoka Realty & Trust Co.,* 104 Okl. 183, 230 P. 738 (1924). Thus, a fire insurance policy which includes the twelve-month limitation period of the statutory form is valid and does not violate 15 Okl. Stat.1971 § 216. *Aetna Ins. Co. O. E. Woods Lumber Co.,* 182 Okl. 65, 76 P.2d 273 (1938); *United States Fire Insurance Co. v. Swyden,* 175 Okl. 475, 53 P.2d 284 (1936). Furthermore, this limitation period is an exception to the general statute of limitations, 12 Okl.Stat.1971 § 95. *Connecticut Fire Ins. Co. v. Horne,* 201 Okl. 643, 207 P.2d 931 (1949).

In view of the foregoing, the Court determines that the twelve-month limitation provision contained in both Policy No. 135TA1853 and Policy No. 335TA2603 as required by 36 Okl.Stat.1971 § 4803 governs this case. Consequently, Plaintiff's action is barred by said provisions as it was not commenced until nearly three years after the insured property was destroyed by fire and nothing is in the record before the Court to indicate that this limitation period has been tolled. Therefore, as no material issue of fact remains to be resolved in this case and it appears that Defendant is enti-

---

1. Plaintiff alleges in the first cause of action contained in his Petition that the fire that destroyed the insured tools and equipment occurred on April 20, 1976. The second cause of action alleges that the fire that destroyed the contents of the food lockers occurred on April 8, 1976. However, the latter date appears to be a typographical error as Plaintiff states in his Brief in opposition to Defendant's Motion that "[t]he property insured by the above policies was destroyed by fire on or about April 20, 1976."

34

tled to judgment as a matter of law, the Court finds and concludes that Defendant's Motion for Judgment on the pleadings should be granted.[2] *See Greenberg v. General Mills Fun Group, Inc.,* 478 F.2d 254 (Fifth Cir. 1973); *King v. Gemini Food Services, Inc.,* 438 F.Supp. 964 (E.D.Va. 1976), *aff'd,* 562 F.2d 297 (Fourth Cir. 1977), *cert. denied,* 434 U.S. 1065, 98 S.Ct. 1242, 55 L.Ed.2d 766 (1978); *E. C. Robinson Lumber Co. v. Hughes,* 355 F.Supp. 1363 (E.D.Mo. 1972); 5 Wright and Miller, *Federal Practice and Procedure*: Civil § 1368; *see also George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.,* 554 F.2d 551 (Second Cir. 1977). Accordingly, Plaintiff's action should be dismissed.

It is so ordered this 15th day of May, 1979.

---

2. A limitations defense may be raised by a motion for judgment on the pleadings pursuant to Rule 12(c). *Ericksen v. Winnebago Industries, Inc.,* 342 F.Supp. 1190 (D.Minn.1972); *see* 5 Wright and Miller, *Federal Practice and Procedure*: Civil § 1367, at 685–686 (1969).