Vernon COTTON, Appellant,

v.

Victor J. MOSELE and Paul L. Pratt, Appellees.

No. 84–1308.

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1984.

Decided July 6, 1984.

W. Edward Tarvin, Little Rock, Ark., for appellant.

James J. Glover, Fayetteville, Ark., for appellees.

Before BRIGHT, JOHN R. GIBSON and BOWMAN, Circuit Judges.

PER CURIAM.

Vernon Cotton appeals from the district court's [1] judgment granting defendants-appellees' motion for judgment on the pleadings and dismissing his legal malpractice complaint. We affirm.

Cotton, an Arkansas resident, was injured in an automobile collision in Pine Bluff, Arkansas on September 5, 1973. In August 1975, he retained the services of appellees to pursue his claims arising out of the collision. Paul L. Pratt, P.C., is a professional corporation authorized to do business in Illinois. Mosele, an Illinois resident, is an attorney employed by Pratt. The Arkansas statute of limitations applicable to Cotton's automobile collision claims is three years, and thus expired on September 5, 1976. Cotton alleges he learned in February 1983 that appellees had failed to pursue those claims on his behalf. He filed an action against appellees for legal malpractice on May 23, 1983.

In their separate answers to the complaint, appellees raised the defense that Cotton's present claim is barred by the applicable statute of limitations. The district court agreed, finding that an Arkansas statute setting a three-year limitations period for actions "founded on any contract or liability" governs the period for bringing attorney malpractice claims. Ark.Stat. Ann. § 37–206 (1962); *Tasby v. Peek*, 396 F.Supp. 952, 955–56 (W.D.Ark.1975). The court further found, contrary to Cotton's contention, that any cause of action for attorney malpractice arose when the alleged negligent act occurred, not when Cotton discovered it. *White v. Reagan*, 32 Ark. 281 (1877). *See also Wright v. Lang-*

---

1. The Honorable Garnett Thomas Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas.

*don,* 274 Ark. 258, 623 S.W.2d 823 (1981). The alleged negligent act of failing to file Cotton's collision claims occurred on September 5, 1976 when the three-year limitations period covering those claims ended. Therefore, the three-year period during which Cotton could file his attorney malpractice claim commenced on the same date. The district court determined that the claim Cotton filed on May 23, 1983 was accordingly time-barred. Citing *Miller v. St. Paul Fire and Marine Insurance Co.,* 480 F.Supp. 32 (W.D.Okla.1979), the court concluded that no material issue of fact remained to be resolved and dismissed the complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

On appeal Cotton contends that, because the district court considered matters outside the pleadings, it should have treated appellees' motion as one for summary judgment under Rule 56, and that dismissal was improper because the record shows discernible factual circumstances supporting his claim.

After thoroughly reviewing the record and the briefs on appeal, we find no error of law or fact in the district court's well-reasoned opinion. The court specifically stated that it deemed irrelevant the matter Cotton refers to as being outside the pleadings. We agree with the district court that no material issue of fact remains to be resolved, and we conclude that no misapplication of state law has been shown. Accordingly, we affirm the judgment of dismissal. *See* 8th Cir.R. 14.