Angela M. **PHELPS**, Plaintiff–Appellant,

v.

John D. **McCLELLAN**, Defendant–Appellee.

No. 93–3189.

United States Court of Appeals,
Sixth Circuit.

Argued May 5, 1994.

Decided July 7, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied Aug. 25, 1994.

Ned C. Gold, Jr. (argued and briefed), Hoppe, Frey, Hewitt & Milligan, Warren, OH, for plaintiff-appellant.

William Scott Fowler (argued and briefed), Comstock, Springer & Wilson, Youngstown, OH, for defendant-appellee.

Before JONES, RYAN, and BATCHELDER, Circuit Judges.

RYAN, Circuit Judge.

Plaintiff Angela M. Phelps raises interesting questions of jurisdiction, procedure, and choice of law in this appeal from the district court's order dismissing Phelps's diversity action for personal injuries sustained in a boating accident. The principal and dispositive issue is whether the district court correctly concluded that Phelps's suit was time barred under Ohio's two year statute of limitations. We agree with the district court that it was, and affirm.

**I.**

On August 13, 1989, Phelps, a Pennsylvania resident, was a passenger in a power boat cruising in DeWittville Bay on Lake Chautauqua in western New York. The boat was being operated by defendant, John D. McClellan, a citizen of Ohio, when it rammed another vessel. Phelps was injured in the collision.

On August 11, 1992, Phelps filed a complaint against McClellan in a federal court in Ohio alleging that McClellan was negligent and careless in the operation of his boat on that unfortunate summer afternoon nearly three years earlier. Phelps also alleged that the law suit was "governed by the laws of the State of New York inasmuch as the incident on which the complaint is based occurred therein." McClellan filed an answer denying negligence but admitting the plaintiff's allegation that New York law controlled. Subsequently, McClellan obtained leave to amend his answer under Fed.R.Civ.P. 15(a) and added a defense asserting that Phelps's claim was time barred because it was not filed within Ohio's two year limitations period for tort actions. Phelps then filed a motion under 28 U.S.C. § 1404(a) to transfer venue to the federal court for the Western District of

New York, and McClellan filed a motion for judgment on the pleadings under Fed. R.Civ.P. 12(c). The district court granted McClellan's motion after concluding that Ohio's statute of limitations barred the action. The district court denied Phelps's motion to transfer venue after concluding that such a transfer would be futile since the transferor court would nevertheless have to apply the transferee court's choice of law rules. Phelps now appeals.

## II.

■■■ The district court's jurisdiction in this case was premised on diversity of citizenship under 28 U.S.C. § 1332. A federal court sitting in diversity must apply the substantive law, including choice of law rules, of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941); *Macurdy v. Sikov & Love, P.A.*, 894 F.2d 818, 820 (6th Cir.1990). Statutes of limitations are classified as *substantive* for *Erie* purposes,[1] *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), but interestingly, statutes of limitations are characterized as *procedural* for purposes of choice of law analysis in Ohio and most other states, *see* Eugene F. Scoles & Peter Hay, *Conflict of Laws* § 3.9 (1984).

The substance/procedure dichotomy figures prominently in Ohio conflicts of law jurisprudence. Traditionally in tort actions, Ohio courts applied the substantive law of the place of the injury under the so-called *lex loci delicti* doctrine, *Ellis v. Garwood*, 168 Ohio St. 241, 152 N.E.2d 100 (1958), and the procedural law of the forum or the *lex fori*, *Howard v. Allen*, 30 Ohio St.2d 130, 283 N.E.2d 167, *appeal dismissed*, 409 U.S. 908, 93 S.Ct. 251, 34 L.Ed.2d 169 (1972). However, these rigid, formalistic rules have gradually fallen out of favor, in Ohio and elsewhere. *See Fox v. Morrison Motor Freight, Inc.*, 25 Ohio St.2d 193, 267 N.E.2d 405, *cert. denied*, 403 U.S. 931, 91 S.Ct. 2254, 29 L.Ed.2d 710 (1971); *Schiltz v. Meyer*, 29 Ohio St.2d 169, 280 N.E.2d 925 (1972). In 1985, the Ohio Supreme Court formally adopted the Restatement (Second) of Con-

flicts of Law, recognizing that the Restatement's balancing test applying the law of the state with the "more significant relationship to the lawsuit" was "more reflective of [Ohio's] past decisions and also provide[d] sufficient guidelines for future litigation." *Morgan v. Biro Mfg. Co.*, 15 Ohio St.3d 339, 474 N.E.2d 286, 288–89 (1984).

Section 146 of the Second Restatement creates a presumption in tort actions that the substantive law of the place of injury controls unless another jurisdiction has a more significant relationship to the law suit. *See also id.*, 474 N.E.2d at 289. With regard to procedural rules, specifically statutes of limitations, the Restatement provides that in general: "The forum will apply its own statute of limitations barring the claim." Restatement (Second) of Conflicts of Law § 142(1) (1988). But the Restatement's blanket rule that a forum court *always* applies its own statute of limitations differs from the Ohio common law under which Ohio courts applied Ohio's statute of limitations only if the relevant limitations period under the law of the state where the injury occurred was longer than Ohio's or nonexistent:

> Actions upon causes of action accruing outside of this state, and not limited by the law of the place where they accrued, or limited thereby to longer periods than those specified in our statute, are governed as to limitations by the Ohio statute in like manner as causes of action accruing within the State.

*Pinney v. Cummings*, 26 Ohio St. 46, 46 (1875) *(per curiam )*; *see also Howard*, 283 N.E.2d at 168. There is then a slight tension between the approach of the Second Restatement and the Ohio common law on the issue of statutes of limitations in tort cases. Although in *Morgan* the Ohio Supreme Court expressly adopted the Second Restatement, *Morgan* dealt exclusively with a choice of conflicting substantive law. 474 N.E.2d at 288–89. There is then a question, at least in the plaintiff's mind, whether *Morgan* abrogated Ohio's common law approach to conflicting statutes of limitations. In this case, because under either the Second Restate-

---

**1.** *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct.   817, 82 L.Ed. 1188 (1938).

ment or the *Pinney–Howard* line of authority the same statute of limitations would apply, we think it best to leave this wrinkle to the Ohio courts to iron out.

■ Ohio requires that a personal injury action be brought within two years from the time it accrues. Ohio Rev.Code Ann. § 2305.10 (Anderson 1991). New York allows a personal injury plaintiff three years to file an action. N.Y.Civ.Prac.L. & R. 214 (McKinney 1992). Under the Second Restatement, the forum court's statute of limitations always applies, so the Ohio statute would apply. Under the Ohio common law, the forum court must apply the statute of limitations with the shortest period, that is unless the foreign statute's limitations period is shorter than the forum's, in which case the forum court should apply its own law. In this case, Ohio's limitation period is shorter than New York's. Thus, the Ohio statute of limitations controls this law suit.

■ Phelps did not file her action within the two year period mandated by Ohio law. She alleges in her complaint that she was injured as a result of a boating accident in August 1989, but she did not file suit until August 1992. It is apparent on the face of Phelps's complaint that her suit is time barred, therefore it was entirely proper for the district court to grant judgment on the pleadings in favor of the defendant. *See Craig v. Western & S. Indem. Co.,* 119 F.2d 591, 592 (6th Cir.1941); *Miller v. St. Paul Fire & Marine Ins. Co.,* 480 F.Supp. 32, 33–34 (W.D. Okla.1979).[2]

■ Phelps raises six objections to this analysis. We address each in turn. First, Phelps argues that McClellan's admission in his answer that New York law controlled the case amounts to an "agreement" or stipulation between the parties that the New York statute of limitations would govern this action. Generally, a defendant's failure to deny an allegation in the plaintiff's complaint takes the issue out of the case. Fleming James, Jr. & Geoffrey C. Hazard, Jr., *Civil Procedure* § 4.4 (3d ed. 1985). However, the parties did not expressly state an intent to include the New York statute of limitations in their choice of law "agreement." While parties are generally free to contract choice of law, such "provisions in contracts are generally understood to incorporate only substantive law, not procedural law such as statutes of limitation[s]." *Federal Deposit Ins. Corp. v. Petersen,* 770 F.2d 141, 142 (10th Cir.1985). Absent an express statement of intent, a choice of law provision will not be interpreted to cover statutes of limitations. *Des Brisay v. Goldfield Corp.,* 637 F.2d 680, 682 (9th Cir.1981); *Alaska Airlines, Inc. v. Lockheed Aircraft Corp.,* 430 F.Supp. 134, 139 (D. Alaska 1977). Moreover, in his amended answer, McClellan added a statute of limitations defense implicitly premised on the two year Ohio statute, thus further evidencing his intent only to import New York substantive law.

■ Second, Phelps contends that the district court abused its discretion in allowing the defendant to amend his answer to add the statute of limitations defense. Rule 15(a) governs amendments to pleadings and provides that after a responsive pleading is filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R.Civ.P. 15(a). Leave to amend may be denied when it would result in undue delay, prejudice to the opposing party, or repeated failure to cure deficiencies in the complaint. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Duchon v. Cajon Co.,* 791 F.2d 43, 48 (6th Cir.1986). "'[T]he longer the period of an unexplained delay, the less will be required of the non-moving party in terms of a showing of prejudice.'" *Evans v. Syracuse City Sch. Dist.,* 704 F.2d 44, 47 (2d Cir.1983) (citation omitted). In determining what constitutes prejudice, the court considers whether the asser-

---

**2.** Phelps argues that the type of analysis mandated under the Restatement (Second) of Conflicts of Law requires the district court to look beyond the pleadings and to engage in a factual balancing test. Thus, she claims, this case could not properly be disposed of on a motion made under Fed.R.Civ.P. 12(c). However, the balancing test to which the plaintiff alludes is only required when a court is attempting to determine what *substantive* law applies. Under both the Second Restatement and the Ohio common law, little, if any, factual analysis is required to determine the appropriate statute of limitations.

tion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction. *See, e.g., Tokio Marine & Fire Ins. Co. v. Employers Ins. of Wausau,* 786 F.2d 101, 103 (2d Cir.1986). McClellan sought leave to amend his answer and add the defense of statute of limitations on December 18, 1992, two months after he filed his answer. Because (1) the delay here was so short, (2) Phelps has failed to demonstrate prejudice, (3) this was the first and only amendment the defendant sought, and (4) perhaps, most importantly, the amendment embodies a legally valid defense, we conclude that the court did not abuse its discretion in granting leave to amend.

Third, Phelps argues that McClellan waived the statute of limitations defense by not including it in his first responsive pleading. Generally, a failure to plead an affirmative defense, like statute of limitations, results in the waiver of that defense and its exclusion from the case. *See Haskell v. Washington Township,* 864 F.2d 1266, 1273 (6th Cir.1988); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1278 (1990); *see also* Fed. R.Civ.P. 8(c). However, as a practical matter there are numerous exceptions to this broad rule, the most significant for our case being the rule allowing amendments to the answer under Fed.R.Civ.P. 15(a). 5 Wright & Miller, *supra,* § 1278 at 501–03. Simply put, Rule 15(a) allows a party to amend his pleading to assert an omitted affirmative defense, *id.* at 495, which is precisely what the defendant did in this case.

Fourth, Phelps argues that the district court erred in not granting her motion to transfer the case to a federal court in New York because New York would be a more convenient forum. Under 28 U.S.C. § 1404(a), a district court "has broad discretion to grant or deny a motion to transfer [a] case." *Coté v. Wadel,* 796 F.2d 981, 985 (7th Cir.1986). Our review of the district court's refusal to transfer is limited to whether the court clearly abused its discretion. *See id.* (citing *Piper Aircraft Co. v. Reyno,* 454 U.S.

235, 257, 102 S.Ct. 252, 266–67, 70 L.Ed.2d 419 (1981)). Section 1404(a) provides in part:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). Assuming that New York is more convenient than Ohio, such a transfer would not be in the "interest of justice" in this case. When a case is transferred under section 1404(a), the transferee court must apply the choice of law rules that prevailed in the transferor court. *Ferens v. John Deere Co.,* 494 U.S. 516, 523, 110 S.Ct. 1274, 1280, 108 L.Ed.2d 443 (1990); *Van Dusen v. Barrack,* 376 U.S. 612, 642, 84 S.Ct. 805, 822–23, 11 L.Ed.2d 945 (1964). Because the federal court in Ohio would, under Ohio choice of law rules, apply the Ohio statute of limitations, so must the federal court in New York if the case was transferred there under section 1404(a). Thus, because the action is clearly barred by the applicable statute of limitations, a transfer would be futile and as such contrary to the interest of justice. *Cf. Spar, Inc. v. Information Resources, Inc.,* 956 F.2d 392, 395 (2d Cir.1992); *Crase v. Astroworld, Inc.,* 941 F.2d 265, 267 (5th Cir. 1991); *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 221 (7th Cir.1986).

Fifth, Phelps argues that she has been denied the opportunity to refile her law suit in New York under its saving statute, N.Y.Civ.Prac.L. & R. 205(a) (McKinney 1992), because the district court dressed its order as a final judgment on the merits. She urges this court to "at least rewrite the order in a manner that would allow plaintiff-appellant an opportunity to argue ... in New York by indicating that the determination was 'otherwise than upon the merits.'" Whether the New York courts would consider the district court's order at issue here to be "upon the merits" is not for this court to decide. As far as we are concerned, judgment on the pleadings under Fed.R.Civ.P. 12(c) is uniquely suited to disposing of a case in which a statute of limitations provides an effective bar against a plaintiff's claim. *See* 5A Wright & Miller, *supra,* § 1367 at 511.

Finally, Phelps argues that because the accident occurred on a "navigable

body of water," the case falls within the district court's admiralty jurisdiction under 28 U.S.C. § 1333. Admiralty has a three year statute of limitations on personal injuries, 46 U.S.C.App. § 763a, so Phelps's suit would be timely. However, Phelps's claim must fail because she pleaded diversity jurisdiction and did not specifically invoke admiralty jurisdiction in her pleadings. *See Bodden v. Osgood,* 879 F.2d 184 (5th Cir.1989); *see also* Fed.R.Civ.P. 9(h); Thomas J. Schoenbaum, *Admiralty and Maritime Law* § 3–2 (1987). Further, Phelps did not raise this argument in the district court. "It is the general rule ... that a federal appellate court does not consider an issue not passed upon below." *Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976). Indeed, we do not consider arguments raised for the first time on appeal. *Federal Deposit Ins. Corp. v. Binion,* 953 F.2d 1013, 1018 (6th Cir.1991).

### III.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**