105 F.3d 659
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Raymond L. BRUNER, Petitioner-Appellant,
v.
John JABE, Respondent-Appellee.
 No. 95-2023.
 United States Court of Appeals, Sixth Circuit.
 Jan. 10, 1997.
 
 Before: SILER, MOORE, and COLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner, Raymond L. Bruner, appeals from a judgment dismissing his petition for writ of habeas corpus filed under 28 U.S.C. § 2254. The primary issues raised concern whether: (1) Bruner was denied the effective assistance of counsel in his trial; and (2) the district court erred by denying leave to amend the petition to include a Brady claim. For reasons stated herein, we affirm.
 
 I.
 
 2
 In 1988, a Michigan state court convicted Bruner of first degree murder and a related firearms charge and sentenced him to life plus two years in prison. The conviction arose from a drive-by killing of Raul Chappe outside the Carnival Bar in Detroit. Bruner unsuccessfully sought to have the Michigan courts overturn his conviction, both through direct appeal and through a post-conviction motion for relief from judgment. He then filed a petition for habeas corpus relief in federal district court pursuant to 28 U.S.C. § 2254. A magistrate judge recommended holding an evidentiary hearing on Bruner's claim of ineffective assistance of counsel and denying relief on all other grounds. The district court adopted the magistrate judge's recommendation and held a hearing on the ineffective assistance claim.
 
 
 3
 After the hearing, Bruner filed a motion for leave to amend his habeas petition, arguing that a new ground for relief had just come to light. The district court then denied habeas corpus relief on the ineffective assistance claim and dismissed the case. Because the order had not addressed the motion for leave to amend, on Bruner's motion, the district court granted limited reconsideration of the final judgment. On reconsideration, the court denied leave to amend and reaffirmed its denial of relief.
 
 
 4
 Although Bruner's habeas petition included four claims, on appeal he only pursues two of them: that his trial attorney's failure to call Kirk Burnett as a witness violated the Sixth Amendment's guarantee of effective assistance of counsel, and that the district court erred in denying him leave to amend his petition. The other claims are not before this court.
 
 II.
 
 5
 According to Bruner, if Burnett had been called as a witness, he would have testified that he saw two to three African-Americans, or possibly Mexicans or Cubans, in the yellow car from which the perpetrator shot his victim. Bruner is Caucasian.
 
 
 6
 At the district court's hearing, Burnett apparently could not be found. Thus, there is only speculation as to what Burnett would have said if called to testify at trial. At the hearing, Robert Plumpe, Bruner's trial counsel, testified but was hindered by the fact that he could not locate his case file. He said that he had scant memory of the litigation, but did "recall somewhat" seeing the police report in which Burnett identified the perpetrators in the yellow car as non-white. Plumpe could not recall for certain why he did not call Burnett to testify, but did indicate that calling a witness with an extensive criminal record, like Burnett, could be dangerous to the defense.
 
 
 7
 In Strickland v. Washington, 466 U.S. 668 (1984) (parallel citations omitted), the Supreme Court set forth a two-pronged test for determining whether counsel's representation of a criminal defendant at trial ... is so deficient as to require reversal of the defendant's conviction:
 
 
 8
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable.
 
 
 9
 Id. at 687. Under the Strickland test, a reviewing court's "scrutiny of counsel's performance must be highly deferential," and must strongly presume that counsel's advocacy fell "within the wide range of reasonable professional assistance." Id. at 689.
 
 
 10
 Blackburn v. Foltz, 828 F.2d 1177, 1180 (6th Cir.1987), cert. denied, 485 U.S. 970 (1988).
 
 A. Performance Prong
 
 11
 It is difficult to assess Plumpe's trial performance, given his failure to remember whether he investigated and how he decided the Burnett matter. Bruner, however, clearly bears the burden of rebutting the Strickland presumption that his attorney acted competently. The absence of any evidence, besides Plumpe's ineffectual testimony, thus militates against the Sixth Amendment claim.
 
 
 12
 Given the lack of evidence as to why Plumpe did not call Burnett as a witness, this court can only speculate. Perhaps Plumpe concluded that Burnett would not make a credible witness because he had a criminal record or because he, in the police report, seemed unsure of whether the perpetrators were African-American or Latino. Whatever the reason, the evidence does not establish that Plumpe's representation was ineffective.
 
 B. Prejudice Prong
 
 13
 Even assuming that failing to call Burnett as a witness was a serious error rendering counsel's performance deficient. Bruner has not established "a reasonable probability that, absent the error[ ], the factfinder would have had a reasonable doubt respecting guilt." Strickland, 466 U.S. at 695. Three eyewitnesses testified that the shooter was a white passenger in a yellow car and that shots had been exchanged; one of these witnesses stated that the driver had a dark complexion. Three policemen testified that Bruner reported to a hospital with a bullet wound and had admitted to being a passenger in a yellow car in the area of the shooting; Bruner also apparently told one of the policemen that the driver of the car was a Cuban friend with a dark complexion. A license plate number reported to 911 by an eyewitness to the shooting matched a car owned by Bruner's live-in girlfriend. Against the overwhelming weight of all of this evidence, Bruner's assertion that he was prejudiced by the failure to call Burnett is clearly meritless.
 
 
 14
 Because Bruner cannot prove what Burnett would have said and cannot prove any prejudice, he has not met his burden under Strickland. Thus, the decision of the district court should not be disturbed.
 
 III.
 
 15
 Bruner also sought leave to amend his habeas petition to include a claim that the prosecution withheld exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963), and the Fourteenth Amendment. Specifically, the statement that was allegedly withheld was one made by Bruner's friend who was supposedly driving the car at the time of the shooting. The statement identifies Bruner as the shooter of the decedent, but states that Bruner shot only after the decedent first pulled a gun on him and began firing (indicating self-defense).
 
 
 16
 A state remedy may still be available for the Brady claim that Bruner raises. Michigan law permits the filing of a second motion for post-conviction relief from judgment if the defendant can show cause and prejudice for the failure to raise the issue earlier. MICH.CT.R. 6.508(D)(3). If, as Bruner claims, he only recently learned of the report, then he may obtain relief in the Michigan courts.
 
 
 17
 The district court's denial of leave to amend in this case is not reversible error. The trial court has discretion in allowing pleading amendments, Phelps v. McClellan, 30 F.3d 658, 662-63 (6th Cir.1994), and Bruner did not seek leave to amend his petition until after the case had proceeded from the magistrate judge to the district court and all the way through an evidentiary proceeding. In order to address the new claim, the entire process would have to begin again. The district court's decision not to repeat the cycle was therefore not an abuse of discretion.
 
 
 18
 Furthermore, the district court's denial leaves open Bruner's state court remedies. Remanding the case to the district court with instructions to allow the amendment would serve neither comity nor the goal of judicial efficiency.
 
 
 19
 AFFIRMED.