**Nancy BUCCINA, et al., Petitioner**

v.

**Linda Ann GRIMSBY, Respondent.**

**Case No. 14CV02434.**

United States District Court, N.D. Ohio, Western Division.

Filed March 25, 2015.

Christopher D. Kuebler Ray, Robinson, Carle & Davies, Cleveland, OH, for Petitioner.

Brian T. Winchester McNeal, Schick, Archibald & Biro, Cleveland, OH, for Respondent.

## ORDER

JAMES G. CARR, Senior District Judge.

This is an admiralty case, arising under 28 U.S.C. § 1333(1), in which plaintiff Nancy Buccina suffered injuries while riding on a pleasure craft that defendant Linda Ann Grimsby owned and operated on the Maumee River.

Defendant moves to dismiss (Doc. 10) on the grounds that plaintiff filed her suit after expiration of Ohio's two year statute of limitations, O.R.C. § 2305.10, or, alternatively, that plaintiff failed to plead admiralty jurisdiction adequately. I conclude for the following reasons that maritime law controls the limitations period, which, under 46 U.S.C. § 30106, is three years. Accordingly, I deny defendant's motion.

### Background

On June 10, 2012, plaintiff was seated in the bow as defendant navigated her pleasure boat downstream towards Lake Erie. The Maumee River was crowded that day, and, as traffic became congested, the boats created choppy waves as high as two feet. As the defendant's boat neared the lake, the vessels and the waves it encountered grew increasingly larger.

The boat suddenly struck one of the waves and pitched upward, throwing plaintiff into the air; when she slammed back down into her seat, the impact caused the injuries for which she seeks recovery.

Defendant transported plaintiff to the Coast Guard station, after which plaintiff was taken to the hospital for treatment.

Plaintiff filed this action on November 3, 2014.

## Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), the complaint, viewed in the light most favorable to the plaintiff, "must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678, 129 S.Ct. 1937. While detailed factual allegations are unnecessary, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

## Discussion

### I. Application of Federal Maritime Law

Defendant asserts that plaintiff's decision to specify, without reference to maritime law, only that she is proceeding under diversity jurisdiction precludes application of federal maritime law. Such a finding, given Ohio's two year limitations statute, would be fatal to plaintiff's claim.

 I agree, however, with plaintiff that, even though she did not designate her claim as proceeding under Fed. R.Civ.P. 9(h), federal maritime law applies. Substantive federal maritime law governs a plaintiff's maritime-based claim regardless of whether she has elected to proceed in admiralty or invoke this Court's diversity jurisdiction. *Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 360, 82 S.Ct. 780, 7 L.Ed.2d 798 (1962); *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959); *Pope & Talbot v. Hawn*, 346 U.S. 406, 410–11, 74 S.Ct. 202, 98 L.Ed. 143 (1953); *Anderson v. Whittaker Corp.*, 692 F.Supp. 764, 767 (W.D.Mich.1988), *rev'd on other grounds*, 894 F.2d 804 (6th Cir.1990) ("[I]f a case arises from conduct that brings it within the reach of the court's admiralty jurisdiction, federal maritime law will govern the rights of the parties, even if an independent source of jurisdiction exists."); *Neal v. McGinnis, Inc.*, 716 F.Supp. 996 (E.D.Ky.1989) (citing *Chelentis v. Luckenbach Steamship Co., Inc.*, 247 U.S. 372, 38 S.Ct. 501, 62 L.Ed. 1171 (1918) ("Regardless of whether a maritime claim is brought on the admiralty or the law side of a federal district court, the parties' rights and liabilities are controlled by federal principles of maritime law.")).[1]

 A plaintiff cannot shop for the substantive laws most favorable to her by designating, or not designating, her claim as proceeding in admiralty under Rule 9(h). *Carey v. Bahama Cruise Lines*, 864

---

1. Defendant relies on *Phelps v. McClellan*, 30 F.3d 658, 663–64 (6th Cir.1994), which determined that state, not admiralty, law governed plaintiffs claim "because she pleaded diversity jurisdiction and did not specifically invoke admiralty jurisdiction in her pleadings." Plaintiff's reliance on *Phelps* is misplaced. The plaintiff in *Phelps* was not presented with the option of proceeding in diversity or admiralty as plaintiff Buccina is here. The *Phelps* court never discussed whether the plaintiff could have successfully invoked admiralty jurisdiction, in addition to diversity jurisdiction, because the plaintiff failed to raise the issue before the district court. Had the plaintiff raised the issue of admiralty jurisdiction, the court also likely would have concluded that admiralty jurisdiction was improper as Lake Chautauqua, the location where the tort occurred, is landlocked and therefore not navigable water. *Shogry v. Lewis*, 225 F.Supp. 741, 742–43 (W.D.Pa.1964) (finding that Lake Chataqua is not a navigable body of water).

F.2d 201 (1st Cir.1988); *In re Glacier Bay*, 746 F.Supp. 1379, 1383–84 (D.Aka.1990). Rule 9(h) is a purely procedural provision. *Carey, supra*, 864 F.2d at 206. Plaintiffs, whose claims arise in diversity or admiralty, can elect to proceed in admiralty under Rule 9(h) to guarantee certain procedural options, such as a bench trial. *See, e.g., id.*; F.R.C.P. 38(e); *Apache Corp. v. Global Santa Fe Drilling Co.*, 435 Fed.Appx. 322, 324 (5th Cir.2011). Here, plaintiff chose to proceed in diversity to procure a different procedural benefit: the right to a jury trial. *Atlantic & Gulf Stevedores, supra*, 369 U.S. at 360, 82 S.Ct. 780 (Plaintiffs pursuing diversity jurisdiction, even when the claim is maritime in nature, preserve their rights to trial by jury.).

Because substantive maritime law governs maritime claims, only the maritime three year statute of limitations applies. *Oroz v. American President Lines, Ltd.*, 259 F.2d 636, 638 (2nd Cir.1958).

The application of one statute of limitations to all maritime claims is consistent with Congress's purpose in creating admiralty jurisdiction; namely, "the protection of maritime commerce through uniform rules of decision." *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 544, 115 S.Ct. 1043, 130 L.Ed.2d 1024 (1995). Permitting plaintiffs with claims arising from events on navigable waters to choose which statute of limitations applies would result in varied outcomes to parties' substantive rights based solely on whether the plaintiff has discovered that proceeding in law or admiralty allows her claim to survive a fatal time restriction. *See Pope & Talbot, Inc. v. Hawn*, 346 U.S. at 411, 74 S.Ct. 202 ("Of course the substantial rights of an injured person are not to be determined differently whether his case is labelled 'law side' or 'admiralty side' on a district court's docket."); *Oroz, supra*, 259 F.2d at 638, (quoting *Guaranty Trust Co. of New York v.*

*York*, 326 U.S. 99, 112, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945)). ("Just as '[t]he operation of a double system of conflicting laws in the same State is hostile to the reign of law,' so is the application of different time bars on different sides of the federal court at variance with the sound administration of maritime law.").

Plaintiff's claim clearly falls within the three year limitations period of § 30106. Plaintiff's injury occurred on June 10, 2012 and she brought this action on November 3, 2014.

## II. Pleading a Maritime Claim

Defendant next claims that, even if admiralty law applies, plaintiff has not adequately pled facts showing her claim falls within the purview of maritime law.

To invoke admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1) for a tort claim, a party must plead conditions of both location and connection with maritime activity. *Grubart, supra*, 513 U.S. at 534, 115 S.Ct. 1043. The location element requires that the tort occur on navigable water. *Id.* There is no dispute that the Maumee River is navigable.

Defendant contends that plaintiff's pleading fails sufficiently to plead the connection element. The "connection" element has two components: the tort must 1) have the potential to disrupt maritime commerce and 2) bear a substantial relationship to traditional maritime activity. *Id.* Dispositive here is whether the incident had the potential to disrupt maritime commerce.

The Supreme Court has viewed whether an event might have the potential to disrupt maritime commerce expansively. It has found that potential in a variety of events, including a crane poking a hole in an underwater tunnel on the Chicago River, necessitating repairs that could disrupt vessel boat passage, *id.* at 540, 115 S.Ct.

1043; a yacht catching fire at dockside, where the fire might "spread to nearby commercial vessels or made the marina inaccessible," *Sisson v. Ruby,* 497 U.S. 358, 362, 110 S.Ct. 2892, 111 L.Ed.2d 292 (1990); and, more typically, when two vessels collide. *Foremost Ins. Co. v. Richardson,* 457 U.S. 668, 668, 102 S.Ct. 2654, 73 L.Ed.2d 300 (1982).

This amalgam of events has produced a standard for determining the potential for disrupting commerce whereby a court, viewing the incident "at an intermediate level of possible generality," determines if it "could be seen within a class of incidents that pose[ ] more than a fanciful risk to commercial shipping." *Grubart, supra,* 513 U.S. at 538–39, 115 S.Ct. 1043. This requires looking beyond the incident's "actual effects on maritime commerce," and focusing instead on its "potential impact by examining its general character." *Sisson, supra,* 497 U.S. at 358, 110 S.Ct. 2892. This standard is extensive: in *In re Mission Bay Jet Sports LLC,* 570 F.3d 1124, 1129 (9th Cir.2009), for example, the Ninth Circuit characterized an incident where two women were thrown from a jet ski as "harm by a vessel in navigable waters" and found that it had a potential impact on maritime commerce.

To be sure, there is no allegation in the complaint that any of the ocean-going vessels or lake freighters that frequent the Maumee were nearby. Nonetheless, what happened here fits within the Supreme Court's inclusive approach to the kinds of events that potentially impede maritime commerce. The Maumee experiences high volumes of commercial maritime traffic, and, on the day of plaintiff's injury, the river was crowded and congested with pleasure boats. The accident and its aftermath—the need to stop or slow the boat, determine how badly plaintiff was injured, concluding that she needed removal to shore for treatment, and returning her to shore—created the potential for being in the way and affecting the passage of any ship that might have come upon the scene.

Plaintiff's complaint suffices to show that the defendant's erratic operation and what resulted "posed more than a fanciful risk to commercial shipping," and had the potential, if not actual, ability to disrupt maritime commerce.

### Conclusion

It is therefore

ORDERED THAT: defendant's motion to dismiss (Doc. 10) be, and the same hereby is denied.

So ordered.